KAREN P. HEWITT
United States Attorney
JASON A. FORGE
California Bar No. 181542
ALESSANDRA P. SERANO
California State Bar No. 204796
Assistant U.S. Attorneys
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7463/7084

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 09CR1250-W |
|---|---|---|
| Plaintiff, | ) ) | DATE: May 4, 2010<br>TIME: 9:00 a.m. |
| v. | ) ) | JUDGE: Hon. Thomas J. Whelan<br>COURT: 7, 3rd Floor |
| PATRICK JONES (2),<br>DOMINIQUE WILLIS (4), | ) ) | UNITED STATES' TRIAL<br>MEMORANDUM |
| Defendants. | ) ) ) | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Jason A. Forge and Alessandra P. Serano, Assistant United States Attorneys, and hereby files its trial memorandum.

//
//
//
//
//
//
//
//

# I

# STATEMENT OF CASE

### A. INDICTMENT

On April 1, 2009, a federal grand jury for the Southern District of California returned an Indictment, charging defendants Shawndrea Dorrough (1), Patrick Jones (2), Dwayne Tousant (3) and Dominique Willis (4) with sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a) and (e). On October 30, 2009, a superseding indictment was obtained adding Count 2 - Sex Trafficking of Children, in violation of 18 U.S.C. § 1591(a) and (b) and Count 3 - Attempted Sex Trafficking of Children, in violation of 18 U.S.C. § 1591(a) and (b) and § 1594.

On November 2, 2009, defendants Shawndrea Dorrough and Dwayne Tousant pled guilty to Count 2 of the superseding indictment. Sentencing is scheduled for May 11, 2010.

### B. TRIAL STATUS

A jury trial is scheduled for Tuesday, May 4, 2010, before the Honorable Thomas J. Whelan. The United States' case-in-chief is expected to last two days.

### C. STATUS OF COUNSEL

Defendant Jones is represented by appointed counsel, Russell Babcock. Defendant Willis is represented by appointed counsel, Candis Mitchell, Federal Defenders of San Diego, Inc.

### D. CUSTODY STATUS

Both Defendants are currently in federal custody.

### E. INTERPRETER

The Government will not require an interpreter for any of its witnesses.

### F. JURY WAIVER

Neither Defendant has waived his right to trial by jury.

### G. PRE-TRIAL MOTIONS AND MOTIONS IN LIMINE

On May 1, 2009, Defendant Tousant filed a motion to compel discovery, motion to join other defendants' motions, and leave to file further motions. On May 25, 2009, Defendant Willis filed a motion to compel discovery, preserve evidence, dismiss indictment due to improper jury instructions, and leave to file further motions. On May 26, 2009, Defendant Dorrough filed a motion to compel

discovery and motion to join other defendants' motions. On May 27, 2009, Defendant Jones filed a motion to join other defendants' motions.

On June 1, 2009, the United States responded to all defendants' motions and filed a motion for reciprocal discovery. On September 28, 2009, the Court denied the motion to dismiss the indictment due to improper grand jury instructions and to preserve evidence, but granted the motion for discovery and leave to file additional motions.

On April 20-21, 2010, Willis filed a motion to continue and a motion to suppress statements. On April 26, 2010, Willis filed a motion to admit evidence under Rule 412.

A status hearing is set for Monday, May 3, 2010 at 2:00 p.m. At that time, the United States will move to dismiss without prejudice Count 3, Attempted Sex Trafficking, against the defendants.

**H.** **STIPULATIONS**

The parties have not agreed to any stipulations.

**I.** **DISCOVERY**

The Government has complied, and will continue to comply, with discovery obligations. Defendant Willis has produced reciprocal discovery.

**II**

**STATEMENT OF FACTS**

**A.** **The Offense**

On September 29, 2008, all four defendants discussed their desire to make some money by finding someone they could "pimp," or offer as a prostitute. Later that day, at approximately 8:00 p.m., the victim in this case, a 14-year-old girl ("S.P."), agreed to go with the defendants after defendants Tousant and Jones had approached her in the parking lot of the Church's Chicken restaurant on El Cajon Boulevard in San Diego. Defendants drove S.P. to a motel in Oceanside. Once at the motel, the defendants started taking pictures of S.P. while she was clothed. S.P. posed for some seductive pictures while clothed. Tousant and Dorrough then took S.P. with them to find a wireless internet connection so they could post her photos on Craig's List in order to solicit "johns" to have sex with her. Later, the three of them returned to the hotel room, and when they did, S.P. started crying. Defendants told her that she could not leave until she made them some money. Defendant Willis hit

1  S.P. in the face twice and told her to take off her clothes. Defendant Dorrough took the pictures with
2  Jones' cell phone, while both Defendants Jones and Tousant directed and posed S.P. to assume
3  different poses. Both Jones and Tousant pulled and pushed S.P. in order to more prominently expose
4  her genitals – spreading her legs and pushing down on her back when photographing her from behind.

5  At about 4:00 a.m. on September 30, 2008, after the defendants had fallen asleep, S.P. escaped
6  from the motel room and ran to a nearby 7-11 store, where she called 9-1-1. Oceanside Police
7  responded and eventually recovered from Defendant Jones' cellular phone several photos of S.P.'s
8  genitals and pubic area.

9  A computer was found in Defendant Tousant's car. Forensic examination revealed that the four
10 Craig's List ads were posted from this computer. Also found were text messages on Dorrough's phone
11 from individuals who responded to the Craig's List ads.

12 **B.    Defendant's Statements**

13      1.    Defendant Jones

14 In his videotaped Mirandized statement, Jones admitted the following: he met S.P. about seven
15 months prior through one of his friends (not any of the defendants). Jones saw her at the Church's
16 Chicken in San Diego in the parking lot. Tousant started talking to S.P. and eventually got into the car
17 with him and the other defendants. S.P. was seated in the back seat with defendants Dorrough and
18 Willis. They stopped and bought some alcohol and drove up to Oceanside. He checked into the motel
19 together. Jones had to pay an additional $40.00 for having four people in the room instead of two
20 people. Jones then stated he drank some alcohol and fell asleep in the motel room and was unaware
21 of anything that occurred, including the explicit photos on his phone. After being confronted with
22 inconsistencies in his story, Jones then said he rented the room where all defendants and S.P. were
23 drinking alcohol. Jones said S.P. told him that she was 19 years of age. S.P. then took a shower on
24 her own and then Tousant asked to borrow his phone and went into the other part of the motel room.
25 Jones knew his phone would be used to take naked pictures of S.P.

26 Jones saw the pictures being taken and, at one point, made suggestions on how S.P. should be
27 posed. He heard Tousant yelling at S.P. for being "uncooperative", but never saw anyone hit or touch
28 her. Tousant was trying to "turn her out." When asked if he heard any talk about Craig's List, he did

not respond. When the Detective pointed out his lack of response, he laughed. After being asked about Craig's List again, he answered, "If I say no, that would be a lie."

2.  <u>Defendant Willis</u>

In her videotaped Mirandized statement, Willis admitted the following: She was basically along for the ride that evening. All defendants went to Church's Chicken on El Cajon Boulevard, San Diego where they saw S.P. in the parking lot. Defendants Jones and Tousant started to talk to S.P. Then they decided to go to Oceanside and brought S.P. along. Willis said she knew when S.P. got in the car and found out they were going to Oceanside, she knew "they" were going to get her "to post" [post an ad on Craig's List for prostitution]. Everyone was drinking alcohol (Mike's Hard Lemonade) that night, but Willis said she was not drunk because she had to take care of her 8-month old son. On the way to the motel, she asked S.P. how old she was five times, and S.P. said she was 19. Willis asked her so many times about S.P's age because she was not sure how old she was and "was just making sure."

Defendants Jones and Tousant started to take pictures of S.P. with the green cell phone (Jones' cellular phone) in the motel room. At some point in time, Defendants Tousant and Dorrough left the motel with S.P. because there was no internet access in the room, but later returned to the motel. Upon their return, more pictures were taken of S.P. with no clothes by Defendant Dorrough. S.P. became scared and started crying. Willis said she heard Defendants Jones and Tousant tell S.P. that she had to make some money for them. Tousant told S.P. that she had to make "five racks" ($5,000) for him.

Willis slapped her across the face twice and told her to "stop crying, it doesn't go like that. You have to be patient. What do you think this was all about? You are going to have to deal with them."

**C.    Defendants' Criminal Histories**

<u>Defendant Jones</u>: On September 12, 2006, he pled guilty to California H&S § 11352(a) and sentenced to 8 days in jail and three years probation. On June 11, 2007, Jones pled guilty to California H&S § 11352(a) and PC § 1210(a) and sentenced to 180 days and three years probation. The court further revoked his probation on the 2006 conviction and sentenced him to 180 days to run concurrent to the 2007 case.

Defendant Willis: On March 17, 2008, Willis was convicted of Conspiracy (misdemeanor) and sentenced to one day in jail and three years probation.

## III

## PERTINENT LAW

**A.    Sexual Exploitation of a Child (18 U.S.C. §2251)**

The elements are: (1) the victim was under the age of 18 years, (2) the defendant employed, used, persuaded, induced, enticed, or coerced a minor, to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and (3) the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce. 9th Cir. Crim. Jury Instr. § 8.150 (2003).

"[S]exually explicit conduct" is defined to include the "lascivious exhibition of the genitals or pubic area of any person." Id. § 2256(2)(A)(v). Although "lascivious exhibition" is not expressly defined, nearly all courts rely on Judge Thompson's six-factor test from United States v. Dost, 636 F.Supp. 828 (S.D.Cal.1986), aff'd sub nom. United States v. Wiegand, 812 F.2d 1239 (9th Cir.1987):

   1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

   2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

   3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

   4) whether the child is fully or partially clothed, or nude;

   5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

   6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

United States v. Overton, 567 F.3d 1148 (9th Cir. 2009); amended and affirmed, 2009 U.S. App. LEXIS 20818 (July 14, 2009); Id.

### 1. Production Using Materials Manufactured Outside California is Sufficient to Meet the Federal Nexus

In <u>United States v. McCalla</u>, 545 F.3d 750 (9th Cir. 2008), the Ninth Circuit held that Congress may regulate wholly intrastate production of child pornography because "the statute is comprehensive in that it seeks to regulate (more accurately, exterminate) the entire child pornography market." <u>McCalla</u>, 545 F.3d at 755. <u>McCalla</u> dealt with a computer found in defendant's home where images of his 5 year old step-daughter engaged in sexually explicit conduct were found. Defendant used a camera manufactured in Japan to produce the video. <u>McCalla</u>, at 753. The Ninth Circuit held that such conduct is covered by federal law because Congress may "regulate intrastate production of pornography even where there is no evidence that is was created for commercial purposes." <u>Id.</u> at 755. In this case, the cell phone used to film the minor victim was manufactured in Korea, the battery was manufactured in Japan and the cell phone charger was manufactured in China.

Introduction of the camera's country-of-origin labels is sufficient to prove the cameras moved in foreign commerce. <u>United States v. Fox</u>, 2009 U.S. App. LEXIS 25469 (9th Cir. 2009) citing <u>United States v. Patterson</u>, 820 F.2d 1524, 1526 (9th Cir. 1987).

### 2. Awareness of Child's Age Under § 2251

Defendants may argue that they were mistaken as to S.P.'s age. "A defendant may avoid conviction only by showing, by clear and convincing evidence, that he did not know, and could not reasonably have learned, that the actor or actress was under 18 years of age. We instruct the district court to adopt this formulation in advising the jury on this issue." <u>United States v. U.S. Dist. Court for the Cent. Dist. of California</u>, 858 F.2d 534, 543-544 (9th Cir. 1988); <u>see also</u> 9th Cir. Crim. Jury Instr. § 8.155 (2003). Thus, if the jury finds by clear and convincing evidence that the defendant proved that he (1) did not know and (2) could not reasonably have learned that S.P. was under 18 years of age, the jury must find the defendant not guilty. 9th Cir. Crim. Jury Instr. § 8.155 (2003)

### B. Sex Trafficking of Children (18 U.S.C. § 1591) and Attempt (18 U.S.C. § 1594(a))

The elements of § 1591 violation are the following:

1. On or about September 29-30, 2008, the defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained S.P.;

2. The defendant did so (1) knowing that force, fraud, or coercion would be used to cause that person to engage in a commercial sex act, or (2) knowing that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, or both;

3. The defendant's actions were in or affecting interstate or foreign commerce.

Section 1591 is limited, explicitly, to "commercial sex acts," which, by definition, are economic in nature. United States v. Morrison, 529 U.S. 598 (2000) ("Where economic activity substantially affects interstate commerce, legislation regulating that activity will be sustained."). Congress has expressly determined that sexual trafficking has a substantial effect on interstate commerce. See 22 U.S.C. § 7101(12); United States v. Evans, 476 F.3d 1176 (11th Cir. 2007) (holding purely intrastate prostitution activity under § 1591 "contributes" to the interstate and international market Congress scheme seeks to stop" thus meeting the interstate commerce element). The link between sexual trafficking and interstate commerce is analogous to the link between interstate commerce and drug trafficking, which the courts have held Congress may regulate under the Commerce Clause. See United States v. Todd, 584 F.3d 788 (9th Cir. 2009); United States v. Tisor, 96 F.3d 370, 375 (9th Cir. 1996); United States v. Kim, 94 F.3d 1247, 1249-50 (9th Cir. 1996).

### 1. **Awareness of the Child's Age Under § 1591**

Section 1591(c) provides that in "any prosecution under (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the Government need not prove the defendant knew the person had not attained the age of 18 years." Under an analogous statute, 18 U.S.C. § 2423(a) (transportation of a minors to engage in criminal sexual activity), mistake of age is not a defense. United States v. Taylor, 239 F.3d 994, 997 (9th Cir. 2001) ("Ignorance of the victim's age provides no safe harbor from the penalties of § 2423(a). If someone knowingly transports a person for the purposes of prostitution or another sex offense, the transporter assumes the risk that the victim is a minor, regardless of what the victim says or how the victims appears."); United States v. Jones, 471 F.3d 535, 538-9 (4th Cir. 2006) (same); United States v. Griffith, 284 F.3d 338, 350-1 (2nd Cir. 2002); United States v. Scisum, 32 F.3d 1479, 1485 (10th Cir. 1994).

**2.   Consent is Not a Legal Defense to Either Count**

Defendants may try to argue that the minor victim consented to being prostituted or to have her pose for sexually explicit images.  A minor victim cannot legally consent to be prostituted or to be sexually exploited.  United States v. Elbert, 561 F.3d 771, 777 (8th Cir. 2009) (minors cannot legally consent to prostitution under §1591); United States v. Raplinger, 555 F.3d 687, 691-2 (8th Cir. 2009) (no consent defense in a sexual exploitation of a minor case under §2251); see also United States v. Dhingra, 371 F.3d 557, 567 (9th Cir. 2004) (the victim's willingness to engage in sexual activity is irrelevant, in much the same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or child molestation); United States v. Rashkovski, 301 F.3d 1133, 1137 (9th Cir. 2002) (finding evidence of the victims' intent to engage in illegal prostitution "immaterial").

# IV

# WITNESSES

The Government reserves the right to change the order of, substitute, or add or omit one or more witnesses.  The Government expects to call the following witnesses during its case-in-chief:

1. S.P.
2. Special Agent Kris Robinson
3. Detective C. O'Konski
4. Shawndrea Dorrough
5. Dywane Tousant
6. Officer A. Guerra
7. Officer J. Perez
8. Detective Michael Brown
9. Surinder Singh
10. Rajeshbhai Patel
11. Janet Janus

# V

# EXHIBIT LIST

A final exhibit list will be provided at trial. Both counsel have been invited to view the exhibits in advance of trial. The Government anticipates offering the following exhibits at trial, all of which have been produced or made available to counsel. The Government reserves the right to add, delete, or amend its exhibit list.

1. Hotel registration
2. Four Craig's List postings of S.P.
3. Cell phones belonging to each Defendant
4. Sexually explicit images of S.P. from Jones' phone
5. S.P.'s 9-1-1 call
6. Surveillance video from 7-11
7. Defendants' recorded post-<u>Miranda</u> statements
8. Photos of motel, car and evidence
9. Laptop computer
10. Church's Chicken receipt
11. Jones' text messages
12. Tousant's computer
13. S.P.'s birth certificate

# VI

# VOIR DIRE

The United States requests that the following <u>voir dire</u> questions be addressed to the jury panel in addition to the Court's standard jury questions:

1. Of those of you who have sat on criminal juries, whose jury reached a unanimous verdict?
1. Has anyone had an unpleasant experience with any law enforcement personnel?
2. Has anyone had any disputes with any agency of the United States Government?
3. Have you, your relatives, or your close friends been investigated, arrested, accused, or charged with a crime? A sex crime?

4. Does everyone understand that as a juror your duty is to apply the law regardless of whether you disagree with it?

5. Does everyone understand that as a juror you are not to consider prejudice, pity, or sympathy in deciding whether the Defendant is guilty or not guilty?

6. Does anyone think that, regardless of the strength of the evidence, they will have trouble deciding whether the Defendant is guilty or not guilty?

7. Does anyone think they cannot decide whether a person is guilty or not guilty?

8. Does anyone have religious or moral beliefs which will make it difficult for them to make a decision strictly based on the law and facts of this case?

The United States respectfully reserves the right to submit additional questions prior to trial.

## VII

## **JURY INSTRUCTIONS**

The Government will file its proposed instructions the morning of trial. The Government anticipates that the majority of its proposed instructions will be taken from the Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit (2003).

DATED:     April 30, 2010.

    Respectfully submitted,

    KAREN P. HEWITT
    United States Attorney

    s/Alessandra P. Serano
    ALESSANDRA P. SERANO
    Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 09cr1250-W |
|---|---|
| Plaintiff | |
| v. | CERTIFICATE OF SERVICE |
| DOMINIQUE WILLIS, et al., | |
| Defendant. | |

IT IS HEREBY CERTIFIED THAT:

I, Alessandra P. Serano, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the GOVERNMENT'S Trial Memorandum on all parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 30, 2010.

s/ Alessandra P. Serano
ALESSANDRA P. SERANO